946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles WILLIAMS, Petitioner-Appellant,
v.
Eric DAHLBERG, Respondent-Appellee.
 No. 91-3427.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 1
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Charles Williams, an Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In March 1988, a jury convicted Williams of one count of aggravated murder and one count of aggravated burglary in violation of Ohio Rev.Code §§ 2903.02 and 2911.11. He was sentenced to fifteen years to life imprisonment. Following an unsuccessful direct appeal in the state appellate courts, Williams filed his habeas petition asserting eleven grounds for relief.
 
 
 4
 After de novo review of the magistrate's report and recommendation in light of Williams's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition. Following the denial of Williams's timely Rule 59 motion, he filed a timely appeal to this court. In his brief on appeal, Williams has raised nine of the eleven issues which were before the district court. These are: (1) that the reading of the victim's statement to the jury was not harmless error; (2) that the prosecution's use of peremptory challenges to excuse prospective black jurors was not done for racially neutral reasons; (3) that Williams was denied due process when prospective jurors were excused for cause in violation of Ohio law; (4) that Williams was denied due process when the trial court refused Williams's request to instruct the jury on the issue of self-defense; (5) that the trial court erred in permitting the coroner to testify concerning the victim's treatment and injuries as well as the cause and manner of her death; (6) that Williams was denied due process when the trial court refused to instruct the jury on the term "privilege" with regard to the offense of aggravated burglary; (7) that Williams was denied due process by the trial court's instruction on the term "cause" as it related to the offenses of murder and aggravated murder in Ohio; (8) that Williams was denied due process when the trial court gave the jury an instruction that permitted the jury to draw an inference from an inference; and (9) that insufficient evidence existed to support Williams's convictions. In addition, the appellee has notified the court, by letter, that he will not be filing a brief. Additionally, Williams moves for the appointment of counsel, and attorney Paul Mancino, Jr., has submitted a brief in this appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Williams's habeas petition for the reasons stated in the magistrate's report and recommendation filed November 20, 1990, as adopted by the district court's order filed January 29, 1991.
 
 
 6
 Accordingly, the motion for counsel is hereby granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation